IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **ROSALIND J. MANDIGO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-cv-00141 |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **MT. PLEASANT V ENTERPRISES,** | § | |
| **LLC D/B/A GREENHILL VILLAS** | § | |
| **AND CREATIVE SOLUTIONS** | § | |
| **IN HEALTHCARE, INC.** | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Rosalind J. Mandigo hereby files this, her Original Complaint, against Defendants Mt. Pleasant V Enterprises, LLC dba Greenhill Villas and Creative Solutions in Healthcare, Inc. for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

**I.     PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff Rosalind J. Mandigo ("Plaintiff" or "Moreno") is currently a citizen and resident of Pittsburg, Texas.

2.     Defendant Mt. Pleasant V Enterprises, LLC dba Greenhill Villas ("Greenhill Villas" or "Defendant") is a Texas limited liability company.  Defendant's main offices are located at 4150 International Plaza, Suite 600, Ft. Worth, Texas 76109. Defendant operates a nursing facility in Mt. Pleasant, Texas where Plaintiff was employed.

3.      Defendant Mt. Pleasant V Enterprises, LLC dba Greenhill Villas will be served by

and through its registered agent for service, Louise J. Coffee at 4150 International Plaza, Suite 600, Ft. Worth, Texas 76109.

4. Defendant Creative Solutions in Healthcare, Inc. is a Texas corporation. Defendant's main offices are located at 4150 International Plaza, Suite 600, Ft. Worth, Texas 76109. Defendant operates a nursing facility in Mt. Pleasant, Texas where Plaintiff was employed.

5. Defendant Creative Solutions in Healthcare, Inc. will be served by and through its registered agent for service, Louise J. Coffee at 4150 International Plaza, Suite 600, Ft. Worth, Texas 76109.

6. Plaintiff alleges that Greenhill Villas and Creative Solutions in Healthcare were her joint employers.

7. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 as Plaintiff is claiming violations of the Americans with Disabilities Act.

8. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

9. Most of the acts alleged herein occurred in Titus County, Texas.

## II.   FACTUAL BACKGROUND

10. Plaintiff was employed as a medical records assistant/auxiliary employee for Greenhill Villas Nursing Home from July 13, 2015 until she was terminated on November 25, 2020. Plaintiff had never been disciplined in any way over her job performance prior to her termination.

11. On July 28, 2020, Plaintiff went to work in the office doing her normal filing, putting in an order for central supply and she stepped out of her office to go down the hall to the nurse's station to get the Doctor's orders that needed to be filed and the ADON Helen approached Plaintiff and told her that there were 2 aides that worked at Greenhill Villas and at Pleasant Springs which is another nursing facility and they had Covid-19.

12. The two employees had both tested positive. One of the employees was present in the facility and the other employee had worked the night before. Helen told Plaintiff that she needed to get on the floor and pass meds because they were sending the Covid positive employee home to quarantine for 14 days. Plaintiff passed meds the rest of that day.

13. The next morning, Plaintiff went to work at 6 am to pass meds and at 2 pm Plaintiff went into my office to perform her regular duties. The following day, Plaintiff did the same thing but at the end of the shift passing meds she began to feel tired, so she went home to get some rest. Plaintiff worked 6 more days like that and on August 3, 2020 the ADON Helen was walking down the hall and Plaintiff had her mask below her nose. Helen stated that she needed to put her mask back on because the DON Danita was firing people for not having their PPE on. Plaintiff explained to Helen that she could not breathe with her mask fully covering her nose and mouth. At Helen's insistence, Plaintiff put her mask on.

14. Plaintiff went to the administrator, Bill Butler, and told him that she could not breathe. Plaintiff informed Butler of her conversation with Helen regarding wearing her mask and he told Plaintiff that she should go outside and lift her mask up and take a breath and come back inside. Plaintiff got up and told Butler that they would not care if she died and walked away in tears.

15. On August 4, 2020 Plaintiff called in to work explaining that she was having trouble breathing so she stayed at home. On August 5, 2020 Plaintiff was at home and felt so bad she called the ambulance. Plaintiff was taken to the local hospital in Pittsburg with a O2 stats @83. Plaintiff was administered oxygen @ 4 liters. When Plaintiff got to the hospital and they did an x-ray, gave her a COVID-19 Test, took blood then sent her home with 20 mg prednisone. Later that same day, the hospital called and told Plaintiff that she had tested positive for COVID-19. Plaintiff called and let the DON know that she had COVID-19.

16. The next day Plaintiff's condition was worse and again called an ambulance. She was taken to the hospital in Henderson, Texas and admitted on August 6, 2020.

17. On August 14, 2020, Plaintiff was released from the hospital with an oxygen tank to assist with her breathing/O2 level. Plaintiff returned to work on September 2, 2020 with her oxygen tank. Cametha Williams in HR told Plaintiff that she could not have an oxygen tank with her at work and sent her home on September 3, 2020. Plaintiff was required to have a full-duty release to return to work – without the oxygen tank. Plaintiff received a termination letter on November 25, 2020.

### III.   CAUSES OF ACTION

#### A.   AMERICANS WITH DISABILITIES ACT

18. The allegations contained in previous paragraphs are hereby incorporated by reference.

19. As a result of her medical conditions described herein, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff had impairments that substantially limits one or more of her major life activities, has a record of such an impairment, and/or was regarded by Defendants as having such an impairment.

20. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of her job as a medical records assistant.

21. The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her employment status as an individual with a disability within the meaning of the ADA. Based upon the stated allegations,

Plaintiff asserts five claims under the ADA: (1) Disparate treatment based upon Defendant's termination of Plaintiff based upon qualification standards and other criteria that screened her out as an individual with disabilities; (2) Disparate impact based upon the Fitness-for-Duty policy which requires a full-duty release which had an adverse impact on Plaintiff as an individual with disabilities by screening Plaintiff from employment by reason of her impairment related to the requirement that she use an oxygen tank; and (3) failure to make reasonable accommodation to Plaintiff's disabilities, which constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A) and (5) regarded Plaintiff as disabled. In connection with Plaintiff's accommodation claim, Defendants failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

## IV.   DAMAGES

22.   As a result of Defendants' violations of the law described herein, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

23.   As a result of this willful and malicious violation of the law described herein, Plaintiff requests that she be awarded all damages, to which she is entitled, including punitive damages. Plaintiff also requests any additional equitable relief to which he is entitled.

24.   Plaintiff also requests reasonable attorney's fees and court costs.

## V.   JURY DEMAND

25.   Plaintiff requests trial by jury on all claims for which a jury trial is available.

## VI.   PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants as follows:

a. Judgment against Defendants for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b. Judgment against Defendant for punitive damages for the maximum amount allowed by law;

c. An order that Defendant take such other and further actions as may be necessary to redress Defendants' violations of the law;

d. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e. Costs of suit, including attorney's fees;

f. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone and Facsimile

ATTORNEY FOR PLAINTIFF